(80 South. 224)

No. 21532.

KENNON v. HILBURN, Mayor, et al.

(Nov. 2, 1915. On the Merits, Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

CONSTITUTIONAL LAW ⊜129—IMPAIRMENT OF CONTRACT—APPLICATION—"CONTRACT."

A franchise from a town to furnish its inhabitants with electric light for public or private use, as soon as accepted by the party to whom it is granted, becomes a "contract" between the town and himself entitled to protection under the constitutional clause.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contract.]

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; W. S. Round, Judge.

Suit for injunction by Edward B. Kennon against R. L. Hilburn, Mayor of Town of Kentwood, and others. Injunction maintained and defendants appeal. Motion to dismiss appeal overruled, and judgment affirmed.

Ponder & Ponder, of Amite, and W. A. Houghton, of Kentwood, for appellants.

Wm. H. McClendon, of Amite, and Hall, Monroe & Lemann, of New Orleans, for appellee.

## On Motion to Dismiss.

LAND, J. As the transcript has been supplemented so as to show that the alleged defects in the proceedings relating to the appeal do not exist, the motion to dismiss is overruled.

## On the Merits.

LECHE, J. On July 5, 1905, the municipal authorities of the town of Kentwood granted unto Edwin B. Kennon his successors and assigns, "the privilege of erecting an electric light plant in the town of Kentwood for the purpose of supplying and furnishing the citizens and inhabitants of said town with electric light (in its various forms) for public and private use, for the transmission of power, and general electrical purposes." Kennon was "further granted the right to erect, construct, and maintain over, under, along and through the streets, alleys, and thoroughfares of said town the necessary poles, wires, conductors, and appliances necessary to each consumer wherever located in said town." It was agreed, however, that the wires and poles and other appliances should be of durable material and so placed as not to impede or otherwise interfere with the free passage of the streets, alleys, and thoroughfares, and that the plant should be erected within one year after date and in readiness to supply lights to the consumers. It was further stipulated that "this ordinance shall be in full force and effect from and after date of its passage and publication for a period of 30 years."

It is not questioned that Kennon accepted the franchise, erected an electric power plant, and that he has complied with all the conditions and stipulations contained in the grant.

Subsequently, on October 11, 1909, a contract was entered into between Kennon and the town of Kentwood, acting through its proper authorities, providing for the installation and maintenance of a street-lighting system, whereby Kennon was to light the streets of the town for a period of five years. That contract was also carried out and its stipulations complied with until it expired by limitation.

Thereafter, on March 23, 1915, Kennon was served in person with the following letter:

"Kentwood, La., March 23, 1915.

"To Mr. Edwin B. Kennon—Dear Sir: Your franchise for lighting the streets of the town of Kentwood, state of Louisiana, having expired, and you and the council having failed to agree on a contract for future lighting of the streets, and it being necessary to take your arc lights out of the streets in order that said streets can be properly lighted, you are therefore ordered to

remove said lights during the current week; in case you fail or refuse to remove same the town will be compelled to remove them.

"Yours very respectfully,

"R. L. Hilburn, Mayor."

Upon receipt of the foregoing letter, plaintiff brought the present suit, wherein he alleged, in substance, that by virtue of the franchise which he had acquired from the town of Kentwood on July 5, 1905, granting him the privilege to furnish electric lights to the citizens and inhabitants of said town for public and private use, he had installed 14 arc lights and two incandescent lights at as many street crossings in said town, and that a compliance with the notice thus given to him would cause him irreparable injury and unlawful deprivation of his property rights. He then prayed for and obtained an injunction restraining the said town and its agents and employés from removing or attempting to remove from their present locations the said arc lights and incandescent lights which he had installed and maintained more than five years, without objection or complaint on the part of said town.

Plaintiff's suit was put at issue and tried, and the injunction maintained. From that judgment defendant appeals.

### Opinion.

The arc and incandescent lights which plaintiff erected and installed on the public streets of the town of Kentwood, and which are sought to be removed, were so erected and installed under contracts with individual citizens of the town, who paid for their maintenance. These contracts were sanctioned in the franchise granted to plaintiff by the town on July 5, 1905, wherein it was stipulated that plaintiff was given the privilege to furnish the inhabitants of said town with electric light (in its various forms) for public and private use. This service by Kennon was never interfered with until the expiration of the five-year contract of October 11, 1909,

when the town, unable to come to terms with Kennon and to enter into another agreement with him for street lighting, notified him to remove his arc and incandescent lights. The franchise of July 5, 1905, as soon as accepted by Kennon, became, between the town and himself, a contract entitled to protection under the Constitutional clause. R. C. L. vol. 12, pp. 179, 180. Defendant, however, properly contends that such a franchise is always subject to reasonable police regulation, and it justifies its attempted removal on the ground that plaintiff's arc lights interfere with and obstruct the proper lighting of the streets by other lights which it proposes to erect for that purpose. Much testimony was taken upon the alleged obstruction caused by plaintiff's arc and incandescent lamps. The trial judge concluded that defendant's contention was not proven, and we believe he is supported by the testimony in the record.

The judgment appealed from is affirmed.

MONROE, C. J., takes no part.