ON REHEARING
Due to the death of ELLIS, J., before rendition this opinion handed down unanimously by LOTTINGER, LANDRY, REID and BAILES, JJ.
REID, Judge.
This matter is before us on a rehearing: which was limited to all the issues of the case except the issue of the constitutionality of LSA-R.S. 33:4301 et seq., and the constitutionality of the ordinance creating the District.
This leaves just two issues for us to pass-on at this rehearing, one the question of whether it is necessary for the Gas Utility District to obtain the consent of the plaintiff and/or any other public utilities companies operating in their District before it could be created or begin their operations, or render gas service to the people living within the Gas Utility District No. 1, and second, whether the injunction against the plaintiff operating within the confines or territorial limits of the Gas Utility District No. 1 is valid.
We will take these matters up in the above order. The Act providing for the creation of a gas utility district, namely, LSA-R.S. 33:4301 reads as follows:
“The governing authorities of the several parishes are authorized and empowered upon their own initiative to divide their respective parishes into one or more gas utility districts with such names or numbers as the governing authorities may designate. A gas utility district may be created comprising all or part of the territory of more than one parish by resolution to be adopted by the governing authority of each parish affected. Any such district may contain within its boundaries all or part of the territory of one or more existing cities, towns or villages, and may overlap other taxing district or political subdivisions, but shall not be authorized to engage in the operation of any utility hereunder in any existing city, town, village political subdivision or taxing district which at the time of the creation of such gas utility district is then being served with gas by a gas utility company or is itself engaged in the operation of a like utility without *313 obtaining the consent of the said gas utility company and the city, town, village, subdivision or taxing district which consent shall he evidenced by resolution to be adopted by the governing body thereof when authorized by vote of a majority in number and amount of the property taxpayers qualified to vote un•der the constitution and laws of this State, who vote at an election held for that purpose after notice published or posted for thirty days in such manner as the Legislature may prescribe. Each gas utility district created hereunder shall comprise a body corporate.” (Italics ours.)
While we do not think it is neces•sary for the Police Jury to obtain the consent of the other utility companies operating within the confines of their district before creating a gas district, the Act above •stated specifically provides that they cannot engage in the operation of any utility without obtaining the consent of gas utilities companies operating in their district. We admit that this brings out a peculiar situation in that it would be useless for the gas utility district to be created and before they begin operation have to secure the •consent of the utility companies before they could start servicing people of the district, but that is what the law plainly says. Actually from a practical standpoint it seems to us that the gas utility districts would have to secure the consent of the utility company before they began laying the lines and beginning their operations.
The next contention and the main one seems to be the question of the issuance of the injunction by the District Court enjoining the plaintiff from servicing any one within the confines of the utility district.
The plaintiff had a non-exclusive franchise covering the entire territorial limits •of the Parish of St. Tammany. Under this franchise they were gradually extending their lines as they became economically feasible. They and the United Gas Company were both serving people within the confines of the newly created gas utility district.
Our Courts have consistently held that the ownership of franchises of public utilities is a valuable property right and confers certain privileges upon the holders of these franchises which the law will not disturb except under certain conditions.
The last case on this point, The Department of Highways of the State of Louisiana v. Southwestern Electric Power Company, 243 La. 564, 145 So.2d 312, held as follows:
“These franchises are privileges bestowed by the City on the respective utilities for a consideration and the exercise of these privileges necessarily involved the use of the property of the City in the manner designated by the authority creating those privileges. The privileges, uncommon rights thus bestowed, together with the right to the use of city property which is indispensable to those privileges, constitute a valuable property right of the utilities which under fundamental guarantees cannot be taken or damaged except for public purposes and after just and adequate compensation is paid. This right once created and accepted cannot be altered, hindered or otherwise impaired without the consent of the utilities.” (Emphasis supplied.)
Article 1, Section 2 of the Louisiana Constitution of 1921 reads as follows:
“No person shall be deprived of life, liberty or property except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.”
Article 4, Section 15 of the Louisiana Constitution of 1921 provides as follows:
“No ex-post facto law, nor any law impairing the obligation of contracts, shall *314 be passed; nor shall vested rights be divested, unless for public utility, and for just and adequate compensation previously paid.”
Our Courts have held that franchises from a municipality granting rights to service the public with electricity or gas is a contract as soon as it is accepted and become the “contract” between a municipality and the utility company and the utility company would be entitled to protection under the constitutional clause. See Kennon v. Hilburn, Mayor, et al., 144 La. 131, 80 So. 224.
The inhabitants of a municipality can expropriate utility systems even where they are under a franchise, but before they can do so the utility company must be paid adequate compensation.
We held in the City of Thibodaux v. Louisiana Power & Light Company, certiorari denied, La.App., 126 So.2d 24 as follows:
“The purpose of the expropriation is to furnish electricity to the inhabitants by the municipality. The completed distribution system was an integral part of the privilege (franchise) as well as the right to furnish electricity to the inhabitants in the area. Both would be included in an expropriation. The appellant would no longer enjoy a franchise, that is, the ownership of the system and the privilege of furnishing electricity to the inhabitants within the extended area of the municipality. The answer to the question posed is that a municipality can take a franchise as in the case at bar, the electric distribution system and the right to serve the inhabitants in the municipality, by eminent domain, even though the franchise was granted by the police jury prior to the addition of the extended territory in question to the municipality.” (Italics added.)
See also Town of Coushatta v. Valley Electric Membership Corp., La.App., 139 So.2d 822.
The Louisiana Gas Service Company had the right under its franchise to serve customers and the general public anywhere in the Parish of St. Tammany. They had engaged in supplying this service for several years and we do not see how, upon the creation of a gas utility district, they can enjoin or stop the plaintiff from continuing to supply customers,, within the confines of the Parish of St. Tammany.
The question may come up sometime as to a conflict between the service rendered by the Louisiana Gas Service Company and the Gas Utility District No. 1, or any other utility company supplying the same service under a franchise because these franchises are not exclusive. However, in the event of such a conflict,, the jurisdiction would lie with the Louisiana Public Service Commission and not in our District Court or Court of Appeal.
The defendant, St. Tammany Gas Utility District No. 1 is seeing a monopoly on serving the residents of the District in violation of a non-exclusive franchise granted to the plaintiff to service the people within the same District. It complains that the plaintiff has gone in and is attempting to construct line to render service as soon as it learned of the creation of this District.. This would destroy the contract that plaintiff had with the Police Jury of St. Tammany Parish and give the District a monopoly on supplying gas service within the confines of the District. We do not believe that this is equitable or that the law ever contemplated such.
We now conclude that the injunction was improvidently issued and the same is now dissolved. We further hold that the defendant, St. Tammany Gas Utility District No. 1 will have to obtain the consent of the utility operating within the confines *315 of the District before they can operate a gas service within the said District.
It is further ordered that the judgment of the Lower Court be reversed insofar as it issued the permanent injunction against the plaintiff and that the costs herein be borne by the defendants.
Reversed and rendered.